Clyde DeWitt
Nevada State Bar No. 9791
California State Bar No. 117911
Texas State Bar No. 05670700
Law Offices of Clyde DeWitt,
A Nevada Professional Corporation
800 US Bank Building
2300 West Sahara Avenue
Las Vegas, NV 89102-4397
(702) 386-1756; fax (702) 441-0308
*clydedewitt@earthlink.net*

Counsel for Plaintiff, Jiuzhou Jena Co., LTD;

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

JIUZHOU JENA CO., LTD, a Delaware Corporation,

Plaintiff,

v.

EZSUPPLY INC., a Nevada Corporation d/b/a EZ CORPORATION and DOES 1-10, Inclusive,

Defendants.

Case Number _______________

**ORIGINAL COMPLAINT**

**For:**

**(1) Breach of Written Contracts;**

**(2) Breach of Oral Contracts;**

**(3) Money Due and Owing;**

**(4) For Account Stated; Book Account; and For Goods, Wares and Merchandise Sold and Delivered; and**

**(5) Unjust Enrichment; Quantum Meruit.**

# ORIGINAL COMPLAINT

COMES NOW Plaintiff Jiuzhou Jena Co., LTD. and, based upon knowledge of its own acts and upon information and belief with respect to the acts of others, alleges:

## INTRODUCTION

Defendants ordered consumer electronics, namely televisions, from Plaintiff, through the issuance of written purchase orders. Plaintiff delivered the televisions to Defendants. The total amount that remains due and owing is $5,732,475.50. Plaintiff delivered the goods as ordered and fully complied with all oral and written agreements concerning the delivery of the goods.

DOES 1-10, all of them and some of them, consist of the ownership and management of EZSupply, Inc., which was undercapitalized, failed to respect that corporation as a separate entity and, accordingly, are each the alter ego of EZSupply, Inc.

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because he matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, namely, the matter in controversy exceeds $5 Million; plaintiff is a Delaware corporation with its principal place of business in Texas and no office in Nevada; and Defendant is a Nevada corporation with its principal offices in Nevada and no offices in either Delaware or Texas.

2. This dispute arises out of contracts founded upon a series of written instruments, true copies of which are attached hereto as Exhibits 1001-1009.

3. Venue is proper in this court because the principal offices of Defendant EZSupply, Inc. are in Clark County, Nevada and the defendants reside in Clark County, Nevada and because All the rights asserted and sued upon herein arise out of obligations incurred and agreed to be performed within the County of Clark, State of Nevada. 28 U.S.C. § b(1-2).

**PARTIES**

4. JIUZHOU JENA CO., LTD is a corporation, organized and existing under the laws of the state of Delaware, with its principal office in Collin County, Texas, which sometimes will be referenced herein as "JIUZHOU" or "Plaintiff."

5. EZSUPPLY INC. is a corporation, organized and existing under the laws of the state of Nevada (although presently in "revoked" status by the Secretary of State) with its principal office in Clark County, Nevada, which sometimes uses the unregistered fictitious business name of "EZ CORPORATION" and which sometimes will be referenced herein as "EZ CORPORATION."

6. Plaintiff is not informed of the true names and capacities of the Defendants sued herein by the fictitious names DOES 1-10 and therefore sues those Defendants by such fictitious names pursuant to Rule 10 of the Nevada Rules of Civil Procedure. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as alleged were caused by the acts and/or omissions of such Defendants and each of them.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, employee, conspirator, and/or joint venturer of the

remaining Defendants, and in doing the things or in failing to do the things hereinafter alleged, each Defendant was acting within the course and scope of such agency, employment, conspiracy and/or joint venture with the advance knowledge, acquiescence or subsequent ratification of each and every remaining Defendant.

## *ALTER EGO*

8. Defendant EZ CORPORATION (1) was and is influenced and governed by DOES 1-10, inclusive, and each of them; (2) there was and is such unity of interest and ownership that DOES 1-10, inclusive are and each of them is inseparable from Defendant EZ CORPORATION; and (3) the facts were and are such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud and promote injustice.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Within four (4) years last past, Plaintiff JIUZHOU sold and delivered to Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, goods, wares and merchandise, the reasonable value of which said Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, agreed to pay to Plaintiff JIUZHOU.

10. More specifically, Exhibits 1001-1009 hereto (the “Purchase Orders”), which are incorporated by reference as if fully set forth here and herein, each consists of a written purchase order, a written instrument signed by and on behalf of Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them. Plaintiff JIUZHOU delivered goods as ordered and performed all other obligations arising from the contract created by each of those purchase orders.

11. Although demand has been made upon Defendants EZ CORPORATION, and DOES 1 through 10, inclusive, and each of them, there is now due, owing and unpaid to Plaintiff JIUZHOU, from Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, the sum of $5,732,475.50, together with interest thereon, according to proof.

12. There is no agreement establishing interest rates on amounts due as alleged herein. Accordingly, Plaintiff JIUZHOU is entitled to and therefore demands interest on any judgment at the rate established by statute, *e.g.*, Nev. Rev. Stat. 99.040.

**FIRST CLAIM FOR RELIEF**

**Breach of Written Contracts**

**(Against Defendants EZ Corporation**

**And, Separately Based upon Alter Ego, Against Does 1-10, Inclusive)**

13. All previous allegations of this Complaint are re-alleged and incorporated by reference as if fully set forth here.

14. Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, on the one hand and, on the other hand, Plaintiff JIUZHOU entered into a series of written contracts created by the Purchase Orders whereby Plaintiff JIUZHOU was to deliver specified items of consumer electronic products to Defendants EZ CORPORATION and DOES 1 through 10, inclusive; and, in return, Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, were to pay to Plaintiff JIUZHOU an amount of money specified in the Purchase Orders within 60 days after delivery of the goods specified in the Purchase Orders. Plaintiff JIUZHOU performed all of its duties and obligations under each and

every written agreement created by each Purchase Order, except to the extent that such performance was waived, excused or prevented by reason of the acts and omissions of Defendants EZ CORPORATION, and DOES 1 through 10, inclusive, and each of them. Defendant EZ CORPORATION has not performed all of the conditions, covenants and promises under the agreements, namely, it paid $5,732,475.50 less than was required under the written contracts created by the Purchase Orders together with the ensuing shipments of the merchandise specified therein.

15. Accordingly, the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50) is due, owing and unpaid thereunder.

16. As a direct and proximate result of that failure, Plaintiff JIUZHOU was damaged in the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50), plus interest, according to proof.

**SECOND CLAIM FOR RELIEF**

**Breach of Oral Contracts**

**(Against Defendants EZ Corporation**

**And, Separately Based upon Alter Ego, Against Does 1-10, Inclusive)**

17. All previous allegations of this Complaint are re-alleged and incorporated by reference as if fully set forth here.

18. Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, on the one hand and, on the other hand, Plaintiff JIUZHOU entered into a series of oral contracts created by the Purchase Orders whereby Plaintiff JIUZHOU

was to deliver specified items of consumer electronic products to Defendants EZ CORPORATION and DOES 1 through 10, inclusive; and, in return, Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, were to pay to Plaintiff JIUZHOU an amount of money specified in the Purchase Orders within 60 days after delivery of the goods specified in the Purchase Orders. Plaintiff JIUZHOU performed all of its duties and obligations under the each and every oral agreement created by each Purchase Order, except to the extent that such performance was waived, excused or prevented by reason of the acts and omissions of Defendants EZ CORPORATION, and DOES 1 through 10, inclusive, and each of them. Defendant EZ CORPORATION has not performed all of the conditions, covenants and promises under the agreements, namely, it paid $5,732,475.50 less than was required under the oral contracts created by the Purchase Orders together with the ensuing shipments of the merchandise specified therein.

19. Accordingly, the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50) is due, owing and unpaid thereunder.

20. As a direct and proximate result of that failure, Plaintiff JIUZHOU was damaged in the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50), plus interest, according to proof.

/

/

/

/

/

**THIRD CLAIM FOR RELIEF**

**Money Due and Owing**

**(Against Defendants EZ Corporation**

**And, Separately Based upon Alter Ego, Against Does 1-10, Inclusive)**

21. All previous allegations of this Complaint are re-alleged and incorporated by reference as if fully set forth here.

22. Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, on the one hand and, on the other hand, Plaintiff JIUZHOU entered into a series of written contracts created by the Purchase Orders whereby Plaintiff JIUZHOU was to deliver specified items of consumer electronic products to Defendants EZ CORPORATION and DOES 1 through 10, inclusive; and, in return, Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, were to pay to Plaintiff JIUZHOU an amount of money specified in the Purchase Orders within 60 days after delivery of the goods specified in the Purchase Orders. Plaintiff JIUZHOU performed all of its duties and obligations under the each and every written agreement created by each Purchase Order, except to the extent that such performance was waived, excused or prevented by reason of the acts and omissions of Defendants EZ CORPORATION, and DOES 1 through 10, inclusive, and each of them. Defendant EZ CORPORATION has not performed all of the conditions, covenants and promises under the agreements, namely, it paid $5,732,475.50 less than was required under the written contracts created by the Purchase Orders together with the ensuing shipments of the merchandise specified therein.

23. Accordingly, the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50) is due, owing and unpaid thereunder.

24. As a direct and proximate result of that failure, Plaintiff JIUZHOU was damaged in the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50), plus interest, according to proof.

**FOURTH CLAIM FOR RELIEF**

**For Account Stated; Book Account; and**

**For Goods, Wares and Merchandise Sold and Delivered**

**(Against Defendants EZ Corporation**

**And, Separately Based upon Alter Ego, Against Does 1-10, Inclusive)**

25. All previous allegations of this Complaint are re-alleged and incorporated by reference as if fully set forth here.

26. Defendant EZ CORPORATION became indebted to Plaintiff JIUZHOU (a) within the last four (4) years on an open book account for money due; (b) because an account was stated in writing by and between Plaintiff JIUZHOU and Defendant EZ CORPORATION in which it was agreed that Defendant EZ CORPORATION was indebted to Plaintiff JIUZHOU; (c) for goods, wares, and merchandise sold and delivered to Defendant EZ CORPORATION and for which Defendant EZ CORPORATION promised to pay Plaintiff JIUZHOU; and/or (d) for money paid out, laid out, and expended by Plaintiff JIUZHOU to or for Defendant EZ CORPORATION at Defendant EZ CORPORATION's special request.

27. By virtue of the foregoing, Defendant EZ CORPORATION is indebted to Plaintiff JIUZHOU for the reasonable value of (a) money due on the open book account; (b) money due on the account stated; (c) the goods, wares, and merchandise sold and delivered; and/or (d) the money paid out, laid out, and expended, all of which are due and unpaid, despite Plaintiff JIUZHOU's demand, the total of which reasonable value is five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50), plus interest, according to proof.

**FIFTH CLAIM FOR RELIEF**

**Unjust Enrichment; Quantum Meruit**

**(Against Defendants EZ Corporation**

**And, Separately Based upon Alter Ego, Against Does 1-10, Inclusive)**

28. All previous allegations of this Complaint are re-alleged and incorporated by reference as if fully set forth here.

29. This court has equitable powers to correct injustice and unjust enrichment. Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, on the one hand and, on the other hand, Plaintiff JIUZHOU entered into a series of written contracts created by the Purchase Orders whereby Plaintiff JIUZHOU was to deliver specified items of consumer electronic products to Defendants EZ CORPORATION and DOES 1 through 10, inclusive; and, in return, Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, were to pay to Plaintiff JIUZHOU an amount of money specified in the Purchase Orders within 60 days after delivery of the goods specified in the Purchase Orders. Plaintiff JIUZHOU performed all of its duties and obligations under the each and every written agreement created by each Purchase Order. Defendant EZ

CORPORATION has not performed all of the conditions, covenants and promises under the agreements, namely, it paid $5,732,475.50 less than was required under the written contracts created by the Purchase Orders together with the ensuing shipments of the merchandise specified therein.

30. Accordingly, the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50) is due, owing and unpaid thereunder.

31. As a direct and proximate result of that failure, Plaintiff JIUZHOU was damaged in the amount of five million, seven hundred thirty-two thousand, four hundred seventy-five dollars and fifty cents ($5,732,475.50), plus interest, according to proof.

32. The amount now due, owing and unpaid from Defendants EZ CORPORATION, and DOES 1through 10, inclusive, and each of them, to Plaintiff JIUZHOU is the sum of $5,732,475.50, plus interest, for the goods delivered by Plaintiff to Defendants.

33. Thus, Defendant EZ CORPORATION has been unjustly enriched in the amount of $5,732,475.50.

34. As a direct and proximate result of that failure to pay money due and owing, Plaintiff JIUZHOU was damaged in the amount of $5,732,475.50, plus interest, according to proof.

**DEMAND FOR RELIEF**

A. On the First Claim for Relief, a judgment in favor of Plaintiff JIUZHOU and, jointly and severally against Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, in excess of $10,000, plus pre-judgment and post-judgment interest as allowed by law.

B. On the Second Claim for Relief, a judgment in favor of Plaintiff JIUZHOU and, jointly and severally against Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, in excess of $10,000, plus pre-judgment and post-judgment interest as allowed by law.

C. On the Third Claim for Relief, a judgment in favor of Plaintiff JIUZHOU and, jointly and severally against Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, in excess of $10,000, plus pre-judgment and post-judgment interest as allowed by law.

D. On the Fourth Claim for Relief, a judgment in favor of Plaintiff JIUZHOU and, jointly and severally against Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, in excess of $10,000, plus pre-judgment and post-judgment interest as allowed by law.

E. On the Fifth Claim for Relief, a judgment in favor of Plaintiff JIUZHOU and, jointly and severally against Defendants EZ CORPORATION and DOES 1 through 10, inclusive, and each of them, in excess of $10,000, plus pre-judgment and post-judgment interest as allowed by law.

F. On all Claims for Relief, costs of court in favor of Plaintiff JIUZHOU and against Defendants EZ CORPORATION, DOES 1-10, inclusive and each of them as allowed by law.

G. All other relief that the court may find is justified by the pleadings and evidence.

Dated: January 26, 2016. Respectfully Submitted,

CLYDE DeWITT
LAW OFFICES OF CLYDE DeWITT, APC

By: *_/s/ Clyde DeWitt_*
Clyde DeWitt
Counsel for Plaintiff, Jiuzhou Jena Co., LTD

# EXHIBITS 1001-1009

## Purchase Orders